IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America, :

    Plaintiff, : Case No. 2:06-cr-0101

  v. : JUDGE GRAHAM

Michael Holbrook, :

    Defendant. :

## ORDER

The above defendant appeared before the Court on April 28, 2010, for a detention hearing. Following the hearing, the Court ordered the defendant detained pending a final supervised release revocation hearing. This order explains why.

The defendant was charged in a petition filed with this Court with violating the terms and conditions of his supervised release. Three violations were charged: possession or use of a narcotic drug or controlled substance, based on a urine test that was positive for four different substances; failure to comply with the condition of drug counseling or treatment, based on being refused treatment due to being 25 minutes late for an appointment; and, perhaps most significantly, failing to complete a six-month term at the Alvis House, which term was imposed following prior supervised release violations. Defendant waived a preliminary hearing on these charges. The Court was therefore entitled to find probable cause that the violations were committed.

Once probable cause is established that a violation of supervised release has occurred, it becomes the defendant's burden to show by clear and convincing evidence that there are

conditions of release which would assure the defendant's appearance in court and guard against any danger to the community posed by his release.  The Court concluded that the defendant did not meet that burden here.

As the violation report notes, and as the Court's records reflect, this is not the defendant's first supervised release revocation proceeding.  Previously, he was charged with violating his supervised release by failing to report to his probation officer and failing to participate in substance abuse counseling as directed.  In response to those violations, the Court imposed a 180-day term in the Alvis House.  He completed less than half that term.  While he was there, he committed a large number of violations, culminating in the events of February 2, 2010, which are described in the most recent violation report.  Very shortly before, he discussed his behavior with his probation officer and promised to do better.  If released, he proposed that he would reside with his parents, his girlfriend, and his children.

The defendant's overall adjustment to supervised release has been poor.  He was unable to remain in compliance with his release conditions even in the structured setting of a halfway house.  There is no reason to believe that, if he were released in a less structured environment, his compliance would improve. The defendant did not persuade the Court that there are release conditions with which he would abide.  He was therefore detained without bond pending trial.

The defendant was advised of his right to seek review of this order by a United States District Judge pursuant to 18 U.S.C. §3145(b).

>                /s/ Terence P. Kemp
>                United States Magistrate Judge